IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| LINDA M. CLUNAN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER |
| | ) |
| BELLSOUTH TELECOMMUNICATIONS, INC. | ) 99-C-1150-W |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION GRANTING PARTIAL
SUMMARY JUDGMENT**

On May 7, 1999, plaintiff Linda Clunan brought this action under the Age Discrimination Act, as amended, 29 U.S.C.§ 621, et seq., the Equal Pay Act, 29 U.S.C.§ 206, et seq., and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.§ 1001-1461, et seq. alleging discrimination by her employer, BellSouth. Pending before the Court is defendant's Motion for Summary Judgment and plaintiff's Cross-Motion for Summary Judgment on the Issue of Liability. Upon careful consideration of all submitted materials, the Court concludes that Defendant is entitled to partial summary judgment on plaintiff's Equal Pay Act and ERISA claims and its counterclaim for mistaken overpayment. Plaintiff's cross-motion for summary judgment on the issue of liability is due to be denied.

1

## I. BACKGROUND

The events which give rise to this lawsuit began in the later part of 1997 when plaintiff attempted to both retire, and to obtain severance pay under the Employee Separation Assistance Plan ("ESAP"). ESAP was a separation or severance plan governed by the Employee Retirement Income Security Act of 1974 which was in effect from July 30, 1993 until December 31, 1997. The stated "purpose" of ESAP was:

> . . . to provide a transition payment to certain management employees who elect to voluntarily separate from BellSouth Telecommunications, Inc., or any of its participating companies, afer having been formally designated by the BST Vice President for Human Resources as individuals who, although currently performing their jobs in a satisfactory manner, either (1) do not possess the skills needed to meet the future needs of the business or (2) occupy positions which need to be vacated so that they can be filled by individuals who possess enhanced skills needed to meet the future needs of the business.

ESAP at p. 1, Ex. 7 to Clunan Depo.

On or about October 31, 1997, BellSouth denied Clunan's request to leave the Company under ESAP on the basis that she did not meet the qualifications of ESAP. Aff. of David Kallus at ¶ 16. Specifically, Clunan was never "designated by the BST Vice President responsible for Human Resources as an individual who, in his or her sole discretion, qualifies for participation in the Plan" consistent with its purpose.

Prior to plaintiff's request for ESAP benefits, a former co-employee, James Carl Butts, was allowed to leave BellSouth under the program. It is undisputed that Butts was a younger male and that he was not performing his job satisfactorily when he resigned under ESAP. Throughout plaintiff's career, she had demonstrated the ability to handle new

2

challenges and, through training, learn the things that she needed to know in order to perform her job in a satisfactory or more than-satisfactory manner. Pl. Depo at 15, 18. In the final years of her employment, plaintiff received very good performance evaluations. Pl. Depo at 22-30.

After plaintiff's request for severance pay under ESAP was denied, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission and subsequently, a complaint with this Court.

In her complaint, plaintiff contends that the Equal Pay Act, the Age Discrimination in Employment Act, and ERISA was violated when BellSouth denied her request to receive benefits under ESAP after having granted such benefits to a male employee, James Butts, whose title was exactly the same as Clunan.

## II. LEGAL STANDARDS

The law governing summary judgment is well settled. Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). Once the movant has met its burden of establishing the lack of a genuine issue as to any material facts, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of material fact. See Chanel, Inc. v. Italian Activewear, Inc., 931 F.2d 1472, 1477 (11th Cir. 1991). The court must view the facts in a light favorable to the non-moving party.

3

A prima facie case under the Equal Pay Act requires plaintiff to show that her "employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions'." Beavers v. American Cast Iron Pipe Co., 975 F.2d 792, 801 (11th Cir. 1992).

Under ERISA, it is "unlawful for any person to . . . discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan" or interfere "with the attainment of any right to which such participant may become entitled under the plan. 29 U.S.C. § 1140. A plaintiff must exhaust available administrative remedies prior to filing a lawsuit under ERISA.

Under the modified version of the McDonnell Douglas test, to establish a prima facie case, a plaintiff must show: (1) that she was in a protected age group and was adversely affected by an employment decision, (2) that she was qualified for her current position or to assume another position at the time of discharge or demotion, and (3) evidence by which a fact-finder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue. Alphin v. Sears, Roebuk & Co. 940 F.2d 1497, 1501 (11th Cir. 1991) (citation omitted).

Establishing a prima facie case of discrimination creates a presumption that the employer unlawfully discriminated against the employee. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). This presumption shifts the burden to the defendant to produce evidence that the adverse employment action was taken for a legitimate,

4

nondiscriminatory reason. See id. When the defendant articulates a legitimate, nondiscriminatory reason for its decisions, the presumption is eliminated, and the plaintiff bears the burden of persuasion that the defendant's proffered reasons are a mere pretext for discrimination. See id.

Summary judgment is appropriate in discrimination cases where the evidence is insufficient to establish a prima facie case, see Holifield v. Reno, 115 F.3d 1555, 1563-64 (11th Cir. 1997), or when the plaintiff establishes a prima facie case, but cannot establish pretext sufficient to rebut the employer's legitimate nondiscriminatory reasons for its actions, see Grigsby v. Reynolds Metal Co., 821 F.2d 590, 597 (11th Cir. 1987).

### III. DISCUSSION

After reviewing the entire record, and construing the facts in favor of the plaintiff, this Court finds that defendant is entitled to judgment as a matter of law on two of plaintiffs claims and its counterclaim for overpayment.

Plaintiff has brought an action against defendant for violating: (1) the Equal Pay Act, (2) ERISA, and (3) the Age Discrimination in Employment Act. Defendant has a counterclaim for mistaken overpayment of wages.

1.      Equal Pay Act

Plaintiff cannot meet the requirements of a prima facie case. She cannot establish that she received lower wages than Butts for equal work. The facts show that during 1996, the last calendar year in which both Clunan and Butts were employed, Clunan's annual salary was $57,300 while Butts was only $51,400. In 1995, Clunan's annual salary was $55,100

5

compared to $53,000 for Butts. Similarly, in 1994, Clunan was also paid more than Butts, making $54,300 to Butts' $53,000.

Plaintiffs claim, however, is that the severance pay Butts received for taking an early retirement was wages. Yet, even if the Court construed the severance pay as wages, it would not be wages paid for equal work because the payment to Butts was not for the performance of work, but in exchange for leaving BellSouth's employment and signing a release. The Eleventh Circuit has made clear that the Equal Pay Act "only applies when members of one sex are being paid less than members of the opposite sex for 'equal work'." Beavers, 975 F.2d at 801.(emphasis in original). Plaintiff cannot demonstrate that the severance pay constitutes wages for equal work, and thus, summary judgment for defendant is appropriate with respect to this claim.

2.   ERISA

Plaintiff alleges that BellSouth wrongfully withheld her Employee Separation Assistance Plan money in order to deprive her of benefits due to her. To prevail on this claim, plaintiff needs to establish that she exhausted available administrative remedies and that she meets the eligibility requirements for ESAP to be entitled to benefits.

Plaintiff, however, failed to exhaust her administrative remedies. The ESAP document contains information regarding claims and the appeal procedure for appealing a denied claim. Plaintiff testified during her deposition that she obtained a written copy of the ESAP document from Human Resources around October or November 1997 after expressing an interest in leaving the company under ESAP. Clunan Depo., 43-45. Although plaintiff

states through affidavit testimony that she was never informed of her right to appeal, she also states that she "did not think that there was anything else [she] could do . . . . since the questionnaire never made it to the Human Relations Department, there was no chance of obtaining ESAP or a request for a decision review." Aff. Clunan p. 3. Plaintiff admits that she never challenged the denial of her claim for ESAP benefits in writing as required to anyone. Id. at 60.

Although there is a genuine dispute of fact as to whether plaintiff is entitled to benefits under the Plan, she failed to exhaust her administrative remedies. Therefore, summary judgment will be granted in defendant's favor on the ERISA claim.

3. Age Discrimination in Employment Act

Plaintiff has sufficient evidence to support an inference of prima facie age discrimination. Defendant's legitimate non-discriminatory reason for plaintiff's non-selection is that she was not qualified for participation in ESAP. There is a genuine issue of fact as to whether plaintiff was eligible for ESAP benefits and defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment on this claim are denied.

4. Counterclaim for Mistaken Overpayment of Wages

Plaintiff has admitted that she was not entitled to wage payments made after her retirement of May 1, 1998. Based on plaintiff's admission, BellSouth is entitled to the overpayment of wages in the amount of $15,450 with interest from the date that each payment was made. Accordingly, summary judgment is hereby granted on defendant's

counterclaim for mistaken overpayment.

By separate order, the defendant's Motion for Summary Judgment will be granted with respect to plaintiff's claims under the Equal Pay Act and ERISA and defendant's counterclaim for mistaken overpayment. Plaintiff's Cross-Motion for Summary Judgment on the Issue of Liability is hereby denied.

DONE this 3rd day of August 2000.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON